# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-10724 FMO (JEMx)** | Date | **April 4, 2019** |
| Title | **Judith Soto v. Costco Wholesale Corporation** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present                       None Present

**Proceedings:**     **(In Chambers) Order Re: Motion to Remand**

Having reviewed and considered all the briefing filed with respect to plaintiff Judith Soto's ("plaintiff") Second Corrected Notice of Motion and Motion to Remand (Dkt. 16, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

This matter arises from personal injuries plaintiff allegedly suffered in May 2016. (See Dkt. 1-1, Complaint for Personal Injuries ("Complaint") at 3). On April 20, 2018, plaintiff filed a state court complaint against Costco Wholesale Corporation ("defendant"). (See Dkt. 1-1, Complaint). On December 27, 2017, prior to filing her Complaint, plaintiff sent a settlement demand to defendant relating to her claims and seeking $175,000. (See Dkt. 15-2, Exh. B at 162[1]). Defendant was served with the Complaint on September 5, 2018. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 2; Dkt. 18-1, Opposition to Motion to Remand ("Opp.") Exh. 1 at 239-240). Since the Complaint did not specify an amount in controversy, defendant requested a Statement of Damages from plaintiff on November 16, 2018. (See Dkt. 15-2, Exh. J at 192-94). Plaintiff mailed the completed Statement of Damages on November 26, 2018, which was received by defendant on November 30, 2018. (See Dkt. 18-2, Opp. Exh. 2 at 248-49). On December 28, 2018, defendant removed the action on the basis of diversity jurisdiction. (See Dkt. 1, NOR at ¶ 4).

Plaintiff does not dispute that the court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.[2] (See Dkt. 20, Joint Case Management Statement at 2; see, generally, Dkt. 16, Motion). Instead plaintiff contends that defendant's removal was untimely because it was filed outside of the 30-day window for removal. (See Dkt. 16, Motion at 7-9; Dkt. 19, Plaintiff's Reply in Support of Motion to Remand ("Reply") at 4, 6).

---

[1] Because the exhibits are not numbered, the court will cite to the ECF-generated page number unless otherwise indicated.

[2] Plaintiff is a citizen of California (see Dkt. 1, NOR at ¶ 5), and defendant is a citizen of Washington. (See id. at ¶ 6).

## CIVIL MINUTES - GENERAL

| Case No. | **CV 18-10724 FMO (JEMx)** | Date | **April 4, 2019** |
|----------|----------------------------|------|-------------------|
| Title | **Judith Soto v. Costco Wholesale Corporation** | | |

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

Title 28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" If the case stated by the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). While the 30-day time limit is procedural rather than jurisdictional, "the time limit is mandatory and a timely objection to a late petition will defeat removal[.]" Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (internal quotation marks omitted).

Here, plaintiff argues that defendant was required to file its notice of removal within 30 days of receipt of the "first paper" from which it could have been ascertained that the case was removable. (See Dkt. 16, Motion at 7). Plaintiff contends that defendant received a number of documents (including a courtesy copy of the Complaint, settlement demands, medical bills, and other supporting documents) between December 27, 2017, and September 5, 2018, when the Complaint was served that were sufficient to put defendant on notice that the case was removable. (See id. at 8-9; Dkt. 19, Reply at 6). Plaintiff's contentions are unpersuasive.

The Ninth Circuit has clarified that "any document received prior to the receipt of the initial pleading cannot trigger the . . . [30]-day removal period" under § 1446(b). See Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 885-86 (9th Cir. 2010) (holding that plaintiff's settlement demand made prior to the defendant being formally served with the initial pleading is not an "other paper" under § 1446(b), and thus does not start the 30-day clock to file a notice of removal); see also Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350-51, 119 S.Ct. 1322,

### CIVIL MINUTES - GENERAL

| Case No. | **CV 18-10724 FMO (JEMx)** | Date | **April 4, 2019** |
|----------|----------------------------|------|-------------------|
| Title    | **Judith Soto v. Costco Wholesale Corporation** | | |

1327 (1999) ("Unless a named defendant agrees to waive service, the summons continues to function as the <u>sina qua non</u> directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."). The Ninth Circuit "reject[s] [the] suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid" of the removal periods in § 1446(b)(1) and § 1446(b)(3). <u>Carvalho</u>, 629 F.3d at 886. Therefore, the 30-day period under § 1446(b)(1) could not have been triggered on September 5, 2018, with the combination of the Complaint and any pre-complaint documents that may have indicated an amount in controversy. Since the amount in controversy was not stated affirmatively in the Complaint, and because the court is "not require[d]. . . to inquire into the subjective knowledge of the defendant," <u>Harris</u> v. <u>Bankers</u> <u>Life</u> <u>and</u> <u>Cas.</u> <u>Co.</u>, 425 F.3d 689, 695 (9th Cir. 2005) (internal quotation marks omitted), defendant was not required to remove the action within 30 days of being served with the Complaint. <u>See</u> 28 U.S.C. § 1446(b)(3); <u>Carvalho</u>, 629 F.3d at 886 (holding "that any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period").

The completed Statement of Damages was the first paper defendant received after the Complaint was served to indicate that the amount in controversy exceeded $75,000, and thus was sufficient to put defendant on notice that the case was removable and start the 30-day clock upon defendant's receipt of the form on November 30, 2018. (<u>See</u> Dkt. 18-2, Opp. Exh. 2 at 2-4). Since defendant's NOR was filed within the 30-day window specified under § 1446(b), the court finds that defendant's removal of this case was timely.

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion to Remand **(Document No. 16)** is **denied**.

|  | 00 | : | 00 |
|--|----|----|----|
| Initials of Preparer | | vdr | |